1  LAQUER, URBAN, CLIFFORD & HODGE LLP
   J. Paul Moorhead, Esq., State Bar #240029
2  225 South Lake Avenue, Suite 200
   Pasadena, California 91101-3030
3  Telephone: (626) 449-1882
   Facsimile: (626) 449-1958
4  Email: Moorhead@Luch.com

5  Counsel for Plaintiffs, Trustees of the
   Operating Engineers Pension Trust, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et. al.<br><br>Plaintiffs,<br><br>vs.<br><br>CONCRETE CUTTING SPECIALIST, a California Corporation.<br><br>Defendant. | CASE NO.: CV 08-04423 PA (JCx)<br><br>Discovery Assigned to Honorable Magistrate Judge Jacqueline Chooljian<br><br>**PROTECTIVE ORDER**<br><br>[NOTE BOLDED CHANGES MADE BY COURT] |

On August 12, 2008, plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust and Trustees of the Operating Engineers Training Trust ("Trustees") served on non-party, Los Angeles Unified School District ("LAUSD") a subpoena ("Subpoena") seeking production of documents.  Among other documents identified in the Subpoena, the Trustees requested production of unredacted certified payroll records ("Unredacted CPRs") prepared by defendant Concrete Cutting Specialist ("Concrete Cutting").  A copy of the Subpoena is attached hereto as Exhibit "1" and incorporated herein by this reference.

The Unredacted CPRs contain Concrete Cutting's employees' names, addresses, and social security numbers ("Identification Information"). Although this Identification Information is confidential in nature, the Trustees require the information in order to calculate fringe benefit contributions owed by Concrete Cutting.

**IT IS HEREBY ORDERED**, pursuant to the "Stipulation for Protective Order" entered into by and among the Trustees and the LAUSD, and good cause appearing therefore:

1. The LAUSD shall produce the Unredacted CPRs requested in the Subpoena within 30 days of the issuance of this order.

2. **Except as otherwise provided in this Order (see infra paragraphs 5, 7) and absent further Court Order,** the Trustees shall not furnish, show, disclose or otherwise disseminate the Unredacted CPRs to any person except to: (a) the Trustees, their agents and employees; (b) counsel for the Trustees and office personnel assisting counsel in the preparation and trial of this action; and (c) experts and consultants who are assisting said counsel in preparation and/or trial. **Absent further Court Order, the Trustees shall not disclose or otherwise disseminate the Unredacted CPRs to the** person(s) identified in subparagraphs (a) through (c) **unless and until such person(s) agree(s) in writing to be bound by the terms of this Order.**

3. **Absent further Court Order,** the Unredacted CPRs may only be used for the purpose**s** of calculating, collecting and allocating fringe benefit contributions allegedly owed by Concrete Cutting to the Trustees for work performed by employees of Concrete Cutting **and of litigating the foregoing issues in the instant federal action**. **Absent further Court Order,** the Unredacted CPRs may not be used for any other purpose by anyone, including those persons identified in Paragraph 2 herein.

4. The Unredacted CPRs produced pursuant to the Subpoena shall be maintained in the possession and control of the Trustees and the Trustees' counsel in

such a manner that the information is not accessible to individuals not bound by this order.

5. Unless the Court orders otherwise, the Trustees may only file the Unredacted CPRs with the Court after obtaining an order to seal pursuant to Local Rules 79-5.1 – 79-5.4.

6. The Trustees may redact the Unredacted CPRs by blocking out the Identification Information contained therein. The redacted CPRs, containing no Identification Information, may be provided to all third parties and may be filed with the Court without an order to seal.

7. In the event that the Trustees are ordered by a court or any state, federal or governmental unit to produce the Unredacted CPRs, they shall provide reasonable notice to the LAUSD, through their counsel, of that court order or command, so as to allow the LAUSD to file an appropriate opposition to such order or command. **Nothing in this Order restricts or limits the Trustees' ability to comply with any such order or relieves the Trustees of its obligation to do so.**

8. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of the final adjudication of this litigation.

9. Upon resolution of this action in trial court, the Unredacted CPRs shall be held by Trustees' counsel pending final resolution of this litigation by appeal or otherwise. Within six (6) months after such final resolution, the Unredacted CPRs shall be shredded by the Trustees' counsel. The Trustees' counsel shall give the LAUSD, through its counsel, notice when the Unredacted CPRs have been shredded.

DATED: September 30, 2008        _____/s/_____
                                                   Hon. Jacqueline Chooljian
                                                   UNITED STATES MAGISTRATE JUDGE